LOEY BUCHANAN ET AL., APPELLEES, V. JOHN SEIM ET AL., APPELLANTS.

FILED APRIL 17, 1920. No. 20884.

1. Waters: "OVERFLOW WATER." Water accumulating in flood seasons within the drainage area of a natural stream and seeking an outlet therein, which, uniting with the water in the main channel, flows in one body in the natural course of such stream over adjacent lands, and, when the flood subsides, finds an outlet in the ordinary channel of such stream, is to be considered "overflow water" thereof, and not "surface water."

2. ———: ———: OBSTRUCTION. The accustomed course of overflow waters in the flood channels of a natural stream cannot lawfully be obstructed or interfered with by one riparian owner to the injury of another.

3. ———: OBSTRUCTION: PRESCRIPTIVE EASEMENT. Where one owning land traversed by the flood channels of a natural stream, in order to protect his land from overflow, constructs and maintains thereon an embankment, the effect of which is to hold the water in times of flood and cause it to stand upon the land of an upper proprietor, the right by prescription to maintain such embankment is in the nature of an easement to flow back water upon said land, which can be acquired only by the open, continuous, uninterrupted and adverse use of the land for more than ten years for the purpose of flowage.

4. ———: ———: ———. If the land of an upper proprietor is not subjected to constant flowage as the result of an embankment across the flood channels of a natural stream maintained upon the land of a lower proprietor, but such embankment causes the water to back up and stand upon such upper land only for brief periods during flood seasons and at long and irregular intervals, though such conditions have been recurrent for more than ten years, it is not such evidence of the continuous and uninterrupted use of such land for the purpose of flowage as will establish an easement by prescription therein.

APPEAL from the district court for Merrick county: FREDERICK W. BUTTON, JUDGE. *Affirmed.*

*Martin & Bockes* and *Prince & Prince,* for appellants.

*E.-E. Ross* and *Horth & Ryan, contra.*

DORSEY, C.

The parties to this suit are the owners of adjoining tracts of land in section 32, township 13, range 8, in Merrick county. The half-section line running north and south through section 32 forms the boundary between the plaintiff's land, which lies west of the line, and the lands of the defendants, which lie east of the line. Prairie creek runs in a northeasterly direction through these tracts, and they adjoin each other for almost half a mile south of the creek. From a point a few rods south of the creek bank nearly to the south line of these adjoining

lands there is, on the defendants' side of the line and parallel therewith, an embankment, the effect of which is to hold back the flood waters of Prairie creek upon the plaintiff's land and keep it from flowing upon the defendants' lands. This suit was brought to enjoin the maintenance of the embankment and compel its removal. The trial court granted the relief prayed for after a full hearing, and the defendants have appealed.

Among the grounds for reversal urged by the defendants is the contention that the trial court erred in finding that the water obstructed by the embankment in this case was overflow water of Prairie creek, rather than surface water. Prairie creek drains a large territory extending many miles southwest of the land herein involved, and during periods of heavy rainfall and melting snow its ordinary bed and banks are insufficient to contain and carry off all the water accumulating within its drainage area. During such periods the water seeking an outlet in the creek, mingled with the water flowing in its ordinary channel, sometimes forms a stream half a mile to a mile or more in width. When the water subsides after floods of that description, that part of the water outside of the banks of the creek, if unobstructed, would follow a course substantially parallel with the south bank of the creek, across the lands of the defendants, eventually returning to the main channel of the creek. Under these facts, the trial court was right in holding that the water in question is to be considered overflow water of Prairie creek, and a constituent part of that water-course, and that it is not to be treated as surface water. *Murphy v. Chicago, B. & Q. R. Co.*, 101 Neb. 73; *Brinegar v. Copass*, 77 Neb. 241; *Chicago, B. & Q. R. Co. v. Emmert*, 53 Neb. 237.

It is also well settled that the accustomed course of such overflow water in the flood channels of a natural stream cannot lawfully be obstructed or interfered with by one riparian owner to the injury of another. In the instant case, however, the defendants set up as a de-

fense the plea of a prescriptive right to maintain the embankment, because it has existed in its present location, as they allege, for more than 30 years, and was constructed and maintained with the knowledge, consent and acquiescence of the plaintiff and his predecessor in interest, and without objection on their part, for the purpose of protecting the defendants' lands from overflow.

The trial court found, in substance, that an embankment had, in fact, existed on the line of the present embankment for more than ten years before the commencement of this suit, but that it had never been effective in holding back the flood waters on the plaintiff's land until 1912, when, as the evidence showed, it was strengthened and enlarged by the use of a road grader.

The trial court held, in effect, that the plaintiff had no ground to complain of the embankment prior to 1912, because it had failed up to that time to detain the water, or to cause it to stand upon his land, and that, therefore, there was no such invasion of the plaintiff's rights as would form the basis of a claim on the part of the defendants to a prescriptive right to flow his land. We are convinced from the evidence, however, that from 1885, when the dam was constructed, to 1912 it had acted as a partial barrier to the water in times of flood.

The prescriptive right asserted by the defendants is the right to flow that part of the plaintiff's land lying west of the embankment, and to keep the water standing thereon, instead of allowing it to run off in its natural course over the defendants' premises. In order to establish such an easement by prescription, there must be open, continuous and adverse use of the plaintiff's land for that purpose for the period sufficient to acquire title by adverse possession; in this state, ten years. 9 R. C. L. 776, sec. 36. Assuming that more than ten years before this suit was commenced there occurred, by reason of the maintenance of the embankment, such an invasion of the plaintiff's rights as would have given

rise to a cause of action in his favor for unlawful obstruction of the water-course, our next inquiry is whether there was, during the ten-year period, such continuous use of the plaintiff's land for the purpose of flowage as would ripen into an easement by prescription. Will the fact that at intermittent and widely separated intervals the embankment caused water to back up and stand for a few days on plaintiff's land constitute such continuous use thereof as is required to perfect an easement by prescription?

In the case of a railroad embankment which arrests and holds upon adjacent land the flood waters of a natural stream, this court has held that the injury thereby occasioned to the land or crops is not to be treated as a continuing cause of action dating from the original construction of the embankment, but as severable into distinct causes of action arising at the times, respectively, when floods occurred causing such injury. *Reed v. Chicago, B. & Q. R. Co.*, 86 Neb. 54; *Chicago, R. I. & P. R. Co. v. Andreesen*, 62 Neb. 456. By a parity of reasoning, therefore, it must be held that the fact that an embankment across the flood channels of a natural stream causes the water to back up and stand upon the land of an upper proprietor, for brief periods and at long and irregular intervals, is not such evidence of continuous and uninterrupted use of such land for the purpose of flowage as will form the basis of an easement by prescription therein.

The defendants furthermore contend that plaintiff himself erected an embankment in the road at some distance from the defendants' embankment, the effect of which was to throw more water upon the defendants' land than would naturally flow there, and that, under equitable principles, he is estopped to maintain this suit. The record satisfies us, however, that whatever obstruction the plaintiff may have placed in the course of drainage was temporary only, and was not being maintained by him at the time this suit was commenced.

For the reasons stated, we recommend that the decree of the court below be affirmed.

Per Curiam. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.